**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Case No.  20-cv-00588-GBD**

VALENTIN MOKROV, EVGENE STAROV,
STANISLAVA GLEYZERMAN and INNA
LITVINEKO

Plaintiffs,

- against –

AEROFLOT and VILEN KHILCHENKO

Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**
**PURSUANT TO FED. R. CIV. PRO. 12(B)(6)**

The Law Offices of Delmas A. Costin, Jr., P.C.
Delmas A. Costin, Jr., Esq.
930 Grand Concourse
Suite 1F
Bronx, NY 10451
(718) 618-0589 (O)
(347) 510-0099 (F)
dacostin@dacostinlaw.com

Attorneys for Plaintiffs

# TABLE OF CONTENTS

**ARGUMENT**

I.      AGE DISCRIMINATION CLAIMS ................................................................. 2

II.     MOTION TO DISMISS STANDARDS ........................................................... 2

III.    DEFENDANT KHILCHENKO IS AS PROPER DEFENDANT....................................... 3

IV.     PLAINTIFFS HAVE SUFFICIENTLY STATED CLAIMS THAT DEFENDANTS
FAILED TO PAY OVERETIME IN VIOLATION OF FLSA AND NYLL. ............................ 4

V.      PLAINTIFFS HAVE SUFFICIENTLY PLED THAT DEFENDANTS RETALIATED
AGAINST THEM IN VIOLATION OF THE FLSA and NYLL ................................. 15

   A.  Participation in Protected Activity was known to the Defendants .................................. 16
   B.  An Employment Action Disadvantaging the Plaintiffs .................................... 17
   C.  Causal Connection ......................................................... 17

VI.     PLAINTIFFS HAVE SUFFICIENTLY ALLEGED THAT THEY SUFFERED SPREAD
OF HOURS VIOLATIONS.................................................................... 19

D.      Defendants Failed to Provide Notice of Wages to Plaintiffs ............................................. 20

VII.    THE COURT SHOULD ONLY REVIEW THE APPROPRIATE MATERIAL IN THE
FIRST AMENDED COMPLAINT ............................................................. 21

VIII.   LEAVE TO FILED A THIRD AMENDED COMPLAINT ............................................. 22

**CONCLUSION**

CASES

*Adame v. Evir Corp.*, 2019 US Dist LEXIS 121732  (S.D.N.Y. July 22, 2019) .......................... 14

*Ashcroft v. Iqba* ........................................................................................................................... 5

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) ........... 5

*Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988)) ............................................... 10

*Caddick v. Personnel Co I LLC*, No. 16-cv-7326 (S.D.N.Y. June 29, 2018) ............................... 21

*Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984)......................................... 9

*Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F2d 42, 48 (2d Cir 1991) ..................................... 25

*Cuzco v. Orion Bldrs., Inc.*, 2010 US Dist LEXIS 51622, at *12 (SDNY May 26, 2010).......... 22

*DeJesus v. HF Managemet Services, LLC*, 726 F.3d 85 (2d Cir. 2013)………………13, 14, 17

*DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.,* 770 F. Supp. 2d 497, 510 (E.D.N.Y.
     2011).................................................................................................................................... 8

*Dunn v. Sederakis*, 143 F. Supp. 3d 102, 111 (S.D.N.Y. 2015) .................................................. 21

*Fried v. City of New York*, 201 F.3d 79, 84 (2d Cir. 2000) ........................................................ 24

Functus officio International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977) .......... 24

*Garcia v. La Revise Assocs. LLC*, 2011 U.S. Dist. LEXIS 3325, 2011 WL 135009, at *5
     (S.D.N.Y. Jan. 13, 2011) ..................................................................................................... 9

*Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 107 (2d Cir. 2015 .................................................. 21

*Green v. New York City Transit Auth.*, No. 15-CV-8204 (ALC), 2019 U.S. Dist. LEXIS 54285,
     2019 WL 1428336, at *7 (S.D.N,Y. Mar. 28, 2019)................................................................. 13

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) ............................................. 9

*Kasten v. Saint-Gobain Performance Plastics Corp*., 131 S. Ct. 1325, 1329 (U.S. 2011)........... 18

*Leon v. Port Washington Union Free School Dist*., No. 13-CV-4514 (LDW), 2014 WL 4948640,
     at *4 (E.D.N.Y. Sept. 30, 2014) ......................................................................................... 15

*Liang Huo v. Go Sushi Go* 9th Ave., 2014 US Dist LEXIS 51621 (S.D.N.Y. Apr. 10, 2014). ... 13

*Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011) ................................................ 5, 6

*Lundy v. Catholic Health System of Long Island Inc.,* 711 F.3d 106 (2d Cir. 2013)................... 13

*Mullins v. City of New York*, 626 F.3d 47, 53-54 (2d Cir. N.Y. 2010). ....................................... 18

*Nahkahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192 (2d Cir. 2013) .... 13

*Nam Yang v. ACBL Corp*., 427 F. Supp. 2d 327, 339-40 (S.D.N.Y. 2005)................................. 23

*Poon v Apple NYC Corp*, 2019 US Dist LEXIS 471, at *6 (S.D.N.Y. Jan. 2, 2019) .................... 8

ii

*Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 105 (2d Cir. 2010) ...................... 8

*Reyes v. Lincoln Deli Grocery Corp.*, No. 17-cv-2732 (KBF) 2018 US Dist LEXIS 95304
(S.D.N.Y. June 5, 2018) ................................................................................................. 12, 13

*Ronzani v Sanofi* S.A., 899 F2d 195, 198 (2d Cir. 1990) ............................................................ 26

*Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 335 n.13 (S.D.N.Y. 2010). ...................................... 9

*Valerio v. Putnam Assocs., Inc.*, 173 F.3d 35, 44 (1st Cir. 1999)................................................ 21

*Vega v. Hempstead Union Free Sch*. Dist., 801 F.3d 72, 87 (2d Cir. 2015)................................ 24

*Yang v. ACBL Corp*., 427 F. Supp. 2d 327, 339-40 (S.D.N.Y. 2005) ......................................... 22

## OTHER AUTHORITIES

29 U.S.C. § 207(a)(1).................................................................................................................... 13

29 U.S.C. § 207(a)(1)). .................................................................................................................. 7

29 U.S.C. §§ 216(b), (e)(2) ............................................................................................................ 9

USC §§203(e), (m) and 206(a) ..................................................................................................... 12

29 USC §§621 et seq...................................................................................................................... 5

29 U.S.C. §203(d) ................................................................................................................... 6, 10

## REGULATIONS

12 NYCRR §142-2.18 .................................................................................................................. 22

FLSA § 215.................................................................................................................................... 18

NYLL §195(1). .............................................................................................................................. 23

12 N.Y.C.R.R. § 142-2.4 .............................................................................................................. 22

N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2.......................................................................... 8

N.Y. Lab. L. § 2(7) ........................................................................................................................ 9

# ARGUMENT

## I.  AGE DISCRIMINATION CLAIMS

Plaintiffs voluntarily dismisses the first cause of action, which alleges a violation of the Age Discrimination in Employment Act, 29 USC §§621 et seq.

Plaintiffs are not dismissing any causes of action under the New York City Human Rights Law §§8-101 et seq.  Defendants arguments to dismiss the NYCHRL rest on the assumption that all federal causes of action will be dismissed by the court.  Plaintiffs believe that the remaining federal causes of action are sufficient and for that reason, the NYCHRL claims should not be dismissed.

## II. MOTION TO DISMISS STANDARDS

To defeat a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).  A claim is facially plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "A pleading that offers 'labels and conclusions' or 'a formula recitation of the elements of a cause of action will not do." Id. The court must construe the factual allegations contained in the complaint as true and view the complaint in the light most favorable to Plaintiffs . *Twombly*, 550 U.S. at 572, 127 S. Ct. 1955. In doing so, a court is "not to weigh the

evidence that might be presented at trial but [is] merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir. 1985);  *Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011) (the court "assess[es] the legal feasibility of the complaint," but does not "assess the weight of the evidence which might be offered in support thereof").  A court will deny a motion to dismiss if an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Twombly,* 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007).  Heightened fact pleading of specifics is not required, but rather Plaintiffs  must provide enough facts to state a claim for relief that is plausible on its face. Id. at 1974.  Because the complaint must allege facts which confer a cognizable right of action, "'[t]he issue is not whether a Plaintiffs  will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *York v. Ass'n of the Bar,* 286 F.3d 122, 125 (2d Cir. 2002) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974));  *Moran v GTL Constr., LLC*, 2007 US Dist LEXIS 55098 (S.D.N.Y. July 24, 2007).

### III.       DEFENDANT KHILCHENKO IS AS PROPER DEFENDANT.

An individual can be liable for violating the Fair Labor Standards Act and New York Labor Law if that individual is an employer as defined by the statutes.  To be held liable under the FLSA, a person must be an "employer," which §3(d) of the statute defines broadly as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d) ((1994). The Supreme Court has emphasized the "expansiveness" of the FLSA's definition of employer. *Falk v. Brennan*, 414 U.S. 190, 195, 38 L. Ed. 2d 406, 94 S. Ct. 427 (1973). Above and beyond the plain language, moreover, the remedial nature of the statute further warrants an expansive interpretation of its provisions so that they will have "the widest

possible impact in the national economy." *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984).

The economic reality test is what controls.  To assess the "economic reality" of the situation, courts evaluate whether the individual.

(1) Was able to hire and fire employees (Defendant Kilchenko fired all plaintiffs, *see* First Amended Complaint ("SAC") ¶¶ 26, 66, 80, 90, 102, 113).

(2) Controlled work schedules or employment conditions; (anyone with complaints regarding overtime is supposed to talk to the general director or human resources SAC ¶¶ 26, 55).

(3) Determined the rate and method of payment; (although not alleged in complaint defendant Khilchenko told plaintiffs that he had the power to modify the wages of staff at JFK.  Should it be necessary plaintiffs are able to allege that in the complaint. The essence of that power is borne out in SAC ¶ 26 which alleges he has the power to determine the rate of pay); and

(4) Maintained employment records. From the complaint, it can reasonably be inferred that since Defendant Khilchenko oversees the schedules and pay, he or his subordinates maintain employment records.  SAC ¶¶24-26.

## IV.  PLAINTIFFS HAVE SUFFICIENTLY STATED CLAIMS THAT DEFENDANTS FAILED TO PAY OVERETIME IN VIOLATION OF FLSA AND NYLL.

"Under the FLSA, employees who work more than 40 hours per week must be compensated for each hour worked over 40 'at a rate not less than one and one-half times the regular rate at which he is employed.'" *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 204 (2d. Cir. 2009) (quoting 29 U.S.C. §207(a)(1)).   NYLL provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided" in the FLSA. *N.Y. Comp. Codes R. & Regs*. tit. 12 §142-2.2. As NYLL employs similar standards and relies on the FLSA, such claims are often analyzed together. *See Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 105 (2d Cir. 2010); *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 510 (E.D.N.Y. 2011).

To state a claim for a violation of failure to pay overtime under the FLSA, plaintiffs must adequately plead that: (1) plaintiffs were employed by defendants; (2) defendants were employers; (3) defendants are engaged in commerce; and (4) defendants failed to pay plaintiffs for compensable hours worked. 29 U.S.C. §207(a)(1).  Plaintiffs herein have satisfied all of these requirements as stated in the SAC.

### A.  Plaintiffs were employees of Defendants

At all relevant times, plaintiffs were employees of defendants within the meaning of FLSA and NYLL. SAC ¶. 12.   Defendants do not contest this allegation.

### B.  Defendants were Employers of Plaintiffs

At all relevant times, Defendants were employers within the meaning of the FLSA and NYLL.  SAC ¶ 11. The FLSA defines "employer" as a person or other entity "acting directly or

indirectly in the interest of an employer in relation to an employee." Id. §203 (a), (d); *Poon v Apple NYC Corp*, 2019 US Dist LEXIS 471, at *6 (S.D.N.Y. Jan. 2, 2019)  and Defendant Aeroflot had annual gross revenues in excess of $500,000.  SAC ¶. 14.

The FLSA imposes liability on an "employer" who violates the FLSA's minimum wage, overtime, and retaliation provisions. *See* 29 U.S.C. §§216(b), (e)(2). The FLSA defines "employer" as a person or other entity "acting directly or indirectly in the interest of an employer in relation to an employee." Id. §203(a), (d).

The definition of "employ" under the FLSA "includes to suffer or permit to work." Id. §203(g). An employment relationship exists under the FLSA when the "economic reality" is such that the "alleged employer possessed the power to control the workers in question." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (*citing cases*). A person or entity need not possess "formal control" over a worker to qualify as an employer; rather, the person or entity may simply exercise "functional control" over the worker in question. *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 72 (2d Cir. 2003).

The NYLL's definition of employment is nearly identical to the FLSA's. *Compare* 29 U.S.C. §203(g) ("'Employ' includes to suffer or permit to work."), *with* N.Y. Lab. L. §2(7) ("'Employed' includes permitted or suffered to work."); *Garcia v. La Revise Assocs. LLC*, 2011 U.S. Dist. LEXIS 3325, 2011 WL 135009, at *5 (S.D.N.Y. Jan. 13, 2011) ("New York's 'employer' provisions are equally [as] broad [as the FLSA's].") *citing Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 335 n.13 (S.D.N.Y. 2010).

Factors relevant to determining control over a worker's employment include "'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Herman*, 172 F.3d at 139 (quoting *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984)). "No one of the four factors standing alone is dispositive." Id. (citing *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988)). The existence of all four indicia of employment "can be sufficient to establish employer status." *Zheng*, 355 F.3d at 69 (*emphasis omitted*). However, employer status does not require the existence of all four, and a court should consider "any other factors it deems relevant." Id. at 69, 71-72.

Defendants do not contest that Aeroflot was an employer. Defendants contest whether Defendant Khilchenko was an employer. To be an "employer," an individual defendant must possess control over a company's actual "operations" in a manner that relates to a plaintiff's employment. *Irizarry v Catsimatidis*, 722 F3d 99, 109 (2d Cir 2013). An individual can be liable for violating the Fair Labor Standards Act and New York Labor Law if that individual is an employer as defined by the statutes. To be held liable under the FLSA, a person must be an "employer," which §3(d) of the statute defines broadly as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d) (1994). The Supreme Court has emphasized the "expansiveness" of the FLSA's definition of employer. *Falk v. Brennan*, 414 U.S. 190, 195, 38 L. Ed. 2d 406, 94 S. Ct. 427 (1973). Above and beyond the plain language, moreover, the remedial nature of the statute further warrants an expansive interpretation of its provisions so that they will have "the widest possible impact in the national economy." *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984).

The SAC alleges that Defendant Khilchenko had the power to do the following:

- Defendant Khilchenko had power to hire and fire Aeroflot employees.  SAC ¶ 26.

- Defendant Khilchenko personally fired each Plaintiff.  SAC ¶¶ 84, 95, 106, 117.

- Defendant Khilchenko created the work schedules.  SAC ¶26.

- Employees were required to notify the human resources department or the General Director (Khilchenko) if they worked during a meal break.  SAC ¶ ¶55.[1]

- Defendant Khilchenko controlled the rate of pay of employees.  SAC §26.

- Defendant Khilchenko ensured that all employees were paid properly.  SAC §26.

- Defendant Khilchenko oversaw Defendant Aeroflot's operations in New York.  SAC¶¶ 24-26.

- Defendant Khilchenko oversaw work schedules, rates of pay and overtime.  It can reasonably be inferred that since Defendant Khilchenko oversees the schedules and pay, he or his subordinates maintain employment records.  SAC ¶¶24-26.

The complaint is sufficient and should not be dismissed.  Everything alleged in the complaint is known to Defendants.  If the court finds that the complaint is not sufficient, then Plaintiffs request that the Court grant leave to replead the complaint.  There is a great deal of information that shows Defendant Khilchenko is indeed an employer under the law.  Defendants' own documents in the motion to dismiss clearly support the assertions in the complaint.

- Defendant Khilchenko was required to sign the work schedules for all employees.  Declaration of Lidieth Zamora in support of defendants' motion to dismiss the first amended complaint ("Zamora Dec.") (Doc. No. 37) Ex. A, p. 15.

---

[1] The complaint contains a typo.  Paragraph 36 should read "human resources department **or** the General Director", instead it reads "human resources department **of** the General Director." (*emphasis added*).

- Defendant Khilchenko was responsible for ensuring that employees did not work during a meal period.  Zamora Dec. Ex. A, p. 15.

### C.  Defendants were engaged in commerce

At all relevant times Defendants were an entity engaged in commerce, within the meaning of USC §§203(e), (m) and 206(a) SAC ¶. 13.  Defendant Aeroflot is an airline that engages in the business of operating flights at JFK International Airport in New York City.  SAC ¶. 18.

### D.  Defendants failed to pay overtime

Plaintiffs satisfactorily alleged that Defendants refused to pay Plaintiffs for all hours worked in excess of 40 hours**.**

- Defendants have a policy of not paying for Plaintiffs meal breaks even though they were on call and worked during their meal breaks. SAC ¶. 53.

- Zamorea, Defendants' manager responsible for addressing payroll matters, stated in sum and substance "YOU ARE PROPERLY PAID, AEROFLOT DOES NOT PAY FOR ANYONE'S MEAL BREAK; YOU CAN LEAVE IF YOU DON'T LIKE IT."  SAC ¶. 65

- The complaint alleges that at least two times each month, Plaintiffs were required to work during their meal breaks. SAC ¶. 61.

- The complaint alleges Plaintiffs worked during their meal periods after having already worked 40 hours at least twice a month.  SAC ¶¶ *74*-75, 77-78, 88-90, 99-101, 110-112.

- The complaint alleges that each Plaintiff was not paid an overtime premium for all hours worked in excess of 40 hours.  SAC ¶¶ 79, 90, 81, 91, 102, 113.

Here, Plaintiffs have established that they were employees who were employed by Defendants, worked in excess of 40 hours in at least half the week of the month and were not paid for meal breaks that occurred after working 40 hours in a week. Therefore, they have sufficiently pled a cause of action for failure to pay overtime under the FLSA. See *Reyes v. Lincoln Deli Grocery Corp.*, No. 17-cv-2732 (KBF) 2018 US Dist LEXIS 95304 (S.D.N.Y. June 5, 2018), *Liang Huo v. Go Sushi Go 9th Ave.*, 2014 US Dist LEXIS 51621 (S.D.N.Y. Apr. 10, 2014).

Under the FLSA, an employee who works over forty hours in a single work week is entitled to be paid for those excess hours at "a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §207(a)(1). To plead an FLSA overtime violation, "a plaintiff must sufficiently allege 40 hours of work in a given workweek," as well as "some uncompensated time in excess of the 40 hours." *Lundy v, Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). "While 'mathematical precision' is not required, Plaintiffs are required to utilize their 'memory and experience' in constructing their claim to demonstrate a denial of overtime pay in violation of the FLSA." *Green v. New York City Transit Auth.*, No. 15-CV-8204 (ALC), 2019 U.S. Dist. LEXIS 54285, 2019 WL 1428336, at *7 (S.D.N.Y. Mar. 28, 2019) (*citing DeJesus v. HF Mgmt. Servs., LLC,* 726 F.3d 85, 90 (2d Cir. 2013)).

The SAC provides specific information sufficient to state claims under the FLSA and NYLL. In a trilogy of cases, the Second Circuit has held that in order to state an FLSA overtime claim, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013). In *Nahkahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192 (2d Cir. 2013) the Court clarified that generalized allegations that an

employee was not compensated despite working overtime hours were insufficient to state a claim, and did not require the degree of specificity as described in *Lundy*.  <u>Nakahata</u>, 723 F.3d at 200-01.  The Court explained that to "plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support reasonable inference that they worked more than forty hours in a given week."  <u>Id</u>. at 201. *Nakahata* concluded that "[w]hat aspects of Plaintiffs' position, pay, or dates of employment are necessary to state a *plausible* claim for relief consistent with this decision and *Lundy* is a case specific inquiry for the trial court," <u>id.</u>, and noted that an approximation of hours worked, while not required to state a claim can help push a claim toward plausibility in certain circumstances, <u>id</u>. at 201, n. 10.

The final case in the Second Circuit's 2013 FLSA trilogy, *DeJesus v. HF Managemet Services, LLC,* 726 F.3d 85 (2d Cir. 2013), applied *Lundy* and *Nakahata* to conclude that a complaint does not state a claim just by alleging that the Plaintiffs  worked overtime without the appropriate compensation in the absence of further factual context.  *See* <u>id</u>. at 89.

In *Adame v. Evir Corp.*, 2019 US Dist LEXIS 121732  (S.D.N.Y. July 22, 2019) this Court held that the complaint easily met Rule 12(b)(6)'s plausibility standard as to the plaintiffs' FLSA overtime claim where the Plaintiffs  alleged the approximate start times, end times, and number of days per week worked throughout the entire time he was employed. Plaintiffs  also calculated the approximate total number of hours worked per week, which ranged from 43.5 to 63 hours, as well as his hourly compensation throughout this period, which was $13 an hour for most of his employment, with an increase to $14 an hour in his final two weeks.  See also *Werst v. Sarar USA, Inc.,* No. 17-CV-2181 (VSB), 2018 U.S. Dist. LEXIS 44124, 2018 WL 1399343, at *6 (S.D.N.Y Mar. 16, 2018) (denying motion to

dismiss FLSA overtime claim where one of the plaintiffs alleged that her "standard workweek was from 10:00 a.m. to 6:00 p.m., however, she routinely was required to work late, typically at least once or twice a week to 8:00 p.m. or 9:00 p.m."); *Lawtone-Bowles v. City Of New York*, No. 16-CV-4240 (AN), 2017 U.S. Dist. LEXIS 155140, 2017 WL 4250513, at *2 (S.D.N.Y. Sept. 22, 2017) (denying motion to dismiss where plaintiffs alleged they worked 8 hour shifts but consistently worked through lunch and an additional 10-30 minutes before and after their shift ended).

Similarly, the South District  has held that a complaint that alleged that the plaintiff worked regular weekly hours of 8 a.m. to 5 p.m., Monday to Friday, as a resident janitor, and worked at least 37 additional hours per week as a repairman during the relevant period from January to July 2012" was sufficient to state a claim for overtime.  *Cuesto v. Piller*, 14-CV-3177 (AJN) (S.D.N.Y. July 27, 2015).  The Court stated that "if the necessary conclusion that a plaintiffs' sufficiently contextualized allegations is that the Plaintiffs  worked some number of overtime hours in a given workweek without receiving time-and-a-half pay, the complaint has stated a claim on which relief can be granted." <u>Cuesto</u>, p. 11.  The court cited *Perry v. City of New York*, No. 13-CV-1915 (JMF), 2013 WL 6641893 (S.D.N.Y. Dec. 17, 2013) in which plaintiffs who were employed by the NYC Fire Department alleged that their work schedule was "forty-hour weeks for thirty-five weeks of the year, or every week each year, depending on how they were assigned." <u>Id</u>.  The Court noted that this case was distinguished from *Lundy* because the 'arithmetic' of the complaint showed that the plaintiffs' allegations necessarily 'get beyond' the forty hour requirement for a FLSA overtime claim for thirty-five weeks of the year or for every week of the year, depending on the category of plaintiffs to which a particular individual belonged.' <u>Id</u>.  *See also Leon v. Port Washington Union Free School Dist.*, No. 13-CV-4514

(LDW), 2014 WL 4948640, at *4 (E.D.N.Y. Sept. 30, 2014) (allegations that Plaintiffs regularly worked forty hour week, along with sufficient estimates' of working an additional 1 ½ to two hours per week, stated claim).

In <u>*Cuesto*</u>, the Court concluded that when the plaintiffs' "allegations ….. cross the threshold from possible to plausible… [they] state a claim on which relief can be granted." <u>*Cuesto*</u> at p. 11. Similarly, in the instant matter, Plaintiffs pled with specificity the hours which each Plaintiff worked in each alternating workweek during specific time periods that each Plaintiff worked. <u>See</u> SAC ¶¶74-78, 88-90, 99-101, 110-112). The Plaintiffs stated that at least twice a month they worked an uncompensated meal period after working 40 hours during the week. SAC ¶61. Additionally, the Plaintiffs recreated their work schedules to the best of their abilities. SAC ¶¶ 74, 75, 77, 78, 88, 89, 99-101, 110-112. For example, the allegations of Plaintiff Mokrov can be representative of the allegations of all Plaintiffs.

For the time period 2014 through in or about August 2017, Valentin Mokrov worked two (2) days consisting of eleven (11) hours each and then had two days off; thus he was scheduled to work either three (3) or four (4) days per week for a total of 33 or 44 hours per week. Each workday always included a scheduled uncompensated meal break of one hour. SAC ¶ 74.

"For the time period in or about August 2017 through in or about September 2018, Valentin Mokrov worked four (4) days straight consisting of nine (9) hours per day and had two (2) days off; thus he was scheduled to work four (4) or five (5) days per week for a total of 36 or 45 hours per week. Each workday always included a scheduled uncompensated meal break of one hour." SAC ¶ 75.

"In or about October 2018 and March 2019, Valentin Mokrov was scheduled to work five (5) straight days consisting of eight (8) hours per day and then to have two (2) days off; thus he was scheduled to work five (5) days per week for a total of 40 hours per week.

Each workday always included a scheduled uncompensated meal break of one hour." SAC ¶ 76.

"For the time period in or about November 2018 through in or about March 1, 2019. Valentin Mokrov worked from 10:00 AM to 7:00 PM Monday through Friday for a total of 45 hours per week.  Each workday always included a scheduled uncompensated meal break of one hour." SAC ¶ 77, 78.

"Defendants failed to pay Valentin Mokrov his wages and an overtime premium for all hours worked in excess of forty (40) hours per week." SAC ¶ 79.

Therefore, the 'arithmetic' of the complaint herein, demonstrates that Plaintiffs worked over 40 hours during specific time periods, usually in alternating weeks and is therefore, sufficient to state a claim upon which relief can be granted.

Plaintiff's allegations are thus distinguishable from the cases relied upon by Defendants, in which the FLSA Plaintiffs  either failed to "estimate her hours in any or all weeks or provide any other factual context or content," *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85 (2d Cir. 2013), or plaintiffs "[did] not allege specifically that [they] worked 40 hours for each week or how many hours of overtime they specifically worked each week,   Marcia*no v SJN Adj. Group*, No. 18-CV-5222 (DLI) (JO), 2019 US Dist LEXIS 172799 (E.D.N.Y. Sep. 30, 2019).

This court should note that Defendants even acknowledge that "each Plaintiff was able to describe each of his or her work history breaking up the history into different time periods and for each time period identifying and exact range of days and hours worked in each week." Defendants' Memorandum of Law in Support of Motion to Dismiss, p.10.

If the court finds that the complaint is not sufficient, then Plaintiffs ask leave to file a Third amended complaint.  Defendants' own documents support Plaintiffs position that they frequently

worked extra hours in an unexpected manner.  "Due to the nature of the work and delays and emergencies, that may occur from time to time, overtime may be required, and an employee's hours of work may be extended without prior notice."  <u>Zamora</u> Dec., Ex. A, p. 15.  Additionally, weather patterns such as snowstorms and strong winds in addition to problems with planes would impact the overtime.  The length of the delays varied lasting to well over 2 hours.  Defendants know this to be true and kept track of delayed flights.  Defendants in this case cannot say that they do not know this information.  They have it, recorded it and can identify exactly why overtime was required and who worked.  The complaint sufficiently states a claim upon which relief can be granted.

### V. PLAINTIFFS HAVE SUFFICIENTLY PLED THAT DEFENDANTS RETALIATED AGAINST THEM IN VIOLATION OF THE FLSA and NYLL

Defendants retaliated against Plaintiffs after Plaintiffs made a number of complaints regarding not being paid for their meal periods.  "It is a violation to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." FLSA §215. Simply complaining to an employer is sufficient to provide someone protection under the FLSA.  *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1329 (U.S. 2011)

A claim of retaliation under the FLSA and NYLL requires (1) participation in protected activity known to the defendant; (2) an employment action disadvantaging the Plaintiffs ; and (3)

a causal connection between the protected activity and the adverse employment action. *Mullins v. City of New York*, 626 F.3d 47, 53-54 (2d Cir. N.Y. 2010).

### A.  Participation in Protected Activity was known to the Defendants

In this case participation in protected activity was known to Defendants.

- Mokrov and Starov spoke on behalf of themselves and others when they complained about not being paid in full for their interrupted lunch each month in 2018. SAC ¶¶ 61 – 63.

- The Station Managers directed them to speak with Zamora.  SAC ¶ 64.

- All Plaintiffs were terminated a little more than two months after the last known complaint is alleged in the complaint. On March 5, 2019 Plaintiffs Mokrov and Gleyzerman were terminated by Defendant Khilchenko SAC ¶ 84, 106. On March 6, 2020 Plaintiffs Starov and Litvineko were terminated by Defendant Khilchenko SAC ¶¶ 95, 117

- Plaintiffs Mokrov and Starov complained on behalf of themselves and the other Plaintiffs at least once a month during 2018.  SAC ¶¶ 02, 63, 79, 83.

A reading of the complaint in light most favorable to Plaintiffs makes it clear that 1) Plaintiffs complained about not being paid for lunch every month in 2018; SAC ¶ 62 2) Plaintiffs communicated with one another about not being paid for their meal period despite being on call and working; SAC ¶ 63 3) that all Plaintiffs consented to the Mokrov and Starov speaking on behalf of all Plaintiffs; SAC ¶ 63 4) that Mokrov and Starov shared the specific nature of their complaints about unpaid wages to Defendant Aeroflot; SAC ¶ 62  5) that Mokrov and Starov shared Defendant Aeroflot's statements with all Plaintiffs; SAC ¶ 63 6) that they

tried repeatedly to get the matter resolved SAC ¶ 62-65 7) that all Plaintiffs were terminated shortly thereafter on March 5-6, 2019.  SAC ¶¶ 84, 95, 106, 117.

### B.  An Employment Action Disadvantaging the Plaintiffs

It is clear that termination is an employment action disadvantaging the plaintiff. *Yu G. Ke v Saigon Grill, Inc.* 595 F Supp 2d 240, 263 (2008, S.D.N.Y).

### C.  Causal Connection

The Second Circuit "has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of a federal constitutional right and an allegedly retaliatory action." *Gorman-Bakos v. Cornell Coop. Extension,* 252 F.3d 545, 554-555 & n. 5 (2d Cir. 2001) (*collecting cases*); *Ashok v. Barnhart,* 289 F.Supp.2d 305, 315 (E.D.N.Y 2003) ("a period of only two months between a protected activity and an adverse action may permit a reasonable jury to find the acts to be temporally proximate and causally related"); *Lamberson v. Six West Retail Acquisition, Inc.,* 122 F.Supp.2d 502, 512 (S.D.N.Y. 2000) (employee fired 2 months after making complaints was a sufficiently close temporal proximity to infer a causal connection); *Quinn,* 159 F.3d at 769 (discharge following less than two months after filing a complaint was sufficient evidence of a causal connection to preclude summary judgment); *Salazar v. Bowne Realty Assocs., L.L.C.,* 796 F. Supp. 2d 378, 2011 U.S. Dist. LEXIS 73921 (E.D.N.Y. 2011) (termination eight months after filing a complaint is sufficient to find retaliation); *Higueros v. New York State Catholic Health Plan, Inc.,* 630 F. Supp. 2d 265, 2009 U.S. Dist. LEXIS 57533 (E.D.N.Y. 2009) (a two month window between Plaintiffs  employee's last complaint to her supervisor about the

employer's overtime payment policy and her termination, was sufficient to establish a causal connection).

For an oral complaint regarding overtime pay to satisfy this standard, it must be "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [FLSA] and a call for their protection." *Dunn v. Sederakis*, 143 F. Supp. 3d 102, 111 (S.D.N.Y. 2015) (quoting *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 107 (2d Cir. 2015)). Some courts in this Circuit have suggested that, short of an express invocation of the FLSA, the oral complaint must be "framed in terms of potential illegality" in order to be considered protected activity. Id. (*surveying cases*). Others have applied a more lenient standard, suggesting that, at a minimum, the complaint must provide a "clear articulation of facts indicative of illegality [,]" as opposed to "mere 'abstract grumblings [.]'" Id. (*citing Valerio v. Putnam Assocs., Inc.*, 173 F.3d 35, 44 (1st Cir. 1999).   *Caddick v. Personnel Co I LLC*, No. 16-cv-7326 (S.D.N.Y. June 29, 2018) which is cited by Defendants is distinguishable from the matter at hand.   In *Caddick,* there was no allegation that the Plaintiffs "invoked the FLSA or accused Defendants of illegality." Id. *at \*25*.   Plaintiffs' complaints there conveyed concern "over being less qualified than a nurse to work 'overtime'", a "general inquiry about whether she would receive 'overtime pay' and why she had to work overtime shifts that others did not," and about internal policies about working overnight not being in her job description. Id. at \*26.   Thus, the Court held that Plaintiffs' "pleadings, even read in a light most favorably to her, do not suggest that a 'finder of fact could . . . find . . . that her words were 'sufficiently clear and detailed . . . in light of both content *and context*' to convey that [Plaintiffs ] was asserting her legal rights under the FLSA." Id.   *citing Dunn*, 143 F. Supp. 3d at 114 (*quoting Greathouse*, 784 F.3d at 107) (*emphasis added*).   The Plaintiffs herein specifically

complained to Defendants about an illegality, not being paid for their uninterrupted lunch breaks, SAC ¶¶ 43-44, 64 and 74.  This complaint was clear to Defendants that Plaintiffs were invoking their rights to be properly paid under the FLSA and NYLL.

If the Court finds that SAC insufficient, then Plaintiffs request leave to amend and file a third amended complaint.  The time between Plaintiffs complaints and the adverse action is sufficient to state a claim of retaliation.  Defendants Mokrov and Starov were denied training opportunities that other Airport Supervisors received.  Specifically, Airport Supervisors who did not complain to management were allowed to receive training in 2019 in Russia.  Mokrov and Starov were denied the opportunity to attend the training.  Additionally, Defendant Khilchenko avoided communicating with Plaintiffs, although he communicated with other employees in the JFK terminal.  Further, Plaintiffs spent time training their replacements before being terminated. Based on the caselaw, Plaintiffs believe that the complaint is sufficient.  However, if the Court disagrees, then Plaintiffs request and opportunity to file a third amended complaint to provide more detail to support the allegations.

## VI.    PLAINTIFFS HAVE SUFFICIENTLY ALLEGED THAT THEY SUFFERED SPREAD OF HOURS VIOLATIONS

Under the NYLL, if an employee's workday exceeds 10 hours, he must receive one additional hour's pay "at the basic minimum hourly wage rate." 12 N.Y.C.R.R. §142-2.4; *see Yang v. ACBL Corp.,* 427 F. Supp. 2d 327, 339-40 (S.D.N.Y. 2005). There is no dispute that Defendants did not pay Plaintiffs an extra hour of pay when their "spread of hours" -- defined as the "interval between the beginning and end of an employee's workday" -- exceeded 10 hours. Id, 12 NYCRR §142-2.18.  Thus, Plaintiffs are entitled to summary judgment on their

claims for unpaid "spread of hours" wages. *Cuzco v. Orion Bldrs., Inc.*, 2010 US Dist LEXIS 51622, at \*12 (SDNY May 26, 2010) (possible that employees were paid more than minimum wage).

Employees who make more than minimum wage can prevail on a spread-of-hours claim, *Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 339-40 (S.D.N.Y. 2005). Defendants frequently scheduled Plaintiffs to work 10 or more hours per shift. The complaint states that Plaintiffs worked 11 hour days during their employment. SAC ¶ 74, 88, 101 and 112 Additionally, Plaintiffs worked extra hours due to flight delays. SAC ¶ 33. That allegation in addition Plaintiffs' being scheduled to work 8 ½ or 9 hours per day makes it plausible that Plaintiffs worked in excess of 10 hours in a day. For example, all Plaintiffs worked nine hours per day during their employment. SAC ¶ 75, 89, 100, 111. As a result, Plaintiffs' allegations are sufficient to show a violation of the FLSA and NYLL.

### D.   Defendants Failed to Provide Notice of Wages to Plaintiffs

The SAC states that Defendants failed to provide Plaintiffs with proper notice of their specific terms and conditions of employment including wages and overtime in violation of NYLL §195(1). SAC ¶190. The notice must be provided to Plaintiffs. Defendants failed to do so. Nothing more must be alleged. Defendants relied on a great deal of impermissible material in support of its motion to dismiss. Significantly, notice forms which would be useful at this stage were not provided by Defendants.

## VII.     THE COURT SHOULD ONLY REVIEW THE APPROPRIATE MATERIAL IN THE FIRST AMENDED COMPLAINT

Defendants have improperly included various documents as part of the motion to dismiss. The Court should not refer to them.  Specifically, all references to the original Complaint are not appropriate (Dkt. No. 1).  As a general matter, amended complaints render preceding complaints *Functus officio International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)  *cert. denied*, 434 U.S. 1014, 54 L. Ed. 2d 758, 98 S. Ct. 730 (1978).

Additionally, Defendants have attached documents as Exhibits to the motion to dismiss. Specifically, the Zamora Dec. the First Amended Complaint (Zamora Decl.") is self-serving and should not be considered.   Exhibits A - G provide information that cannot be considered.  "On a motion under Federal Rules of Civil Procedure ("Rule") 12(b)(6) to dismiss a complaint for failure to state a claim, the only facts to be considered are those alleged in the complaint, and the court must accept them, drawing all reasonable inferences in the plaintiffs' favor, in deciding whether the complaint alleges sufficient facts to survive."  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110-11 (2d Cir. 2010); *Fried v. City of New York*, 201 F.3d 79, 84 (2d Cir. 2000) (holding that any extraneous materials must be excluded).  The only issue at this time is whether the Plaintiffs' claims are plausible.  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015).

Defendants misquote the SAC.   Defendants improperly characterize the complaint as stating that there was an "'occasional' interruption of their meal breaks." Memorandum of Law in Support of Defendants' Motion to Dismiss SAC, Document 20, page 11**.**  In actuality, the complaint states that "Defendants did not provide Plaintiffs with an uninterrupted meal break for the time period 2014-2019." SAC ¶ 56.  That is every day, not "occasionally."

21

Defendants attempt to inappropriately shift their legal burden onto Plaintiffs.  Defendants alone have the duty to maintain employment records such as hours worked, days off, amount of pay, rates of pay etc.  See 29 CFR 516.5 and 12 NYCRR §142-2.6.  These records must be maintained for each employee for a total of six years.  Plaintiffs have provided information to the best of their abilities and memories.  Implying that Plaintiffs must do more than that is not the law.  Plaintiffs are not required to keep careful records and plead their cases with mathematical precision; Plaintiffs can rely on their memories and experience to develop factual allegations. *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 88-90 (2d Cir. N.Y. 2013).

Additionally, no discovery has occurred. There are many factual issues that must be addressed.  Plaintiffs respectfully request that the Court not convert this motion into a motion for summary judgment.  Defendants alone possess a great deal of information which can explain the decisions that it made over the years.  Plaintiffs can describe the documentation, but Defendants are legally required to keep employment records for 6 years.  *See* 22 NYCRR Sec. 142 2.6. Accordingly, Defendants exhibits A-G should not be considered.  If the Court converts this to a motion for summary judgment, Plaintiffs request an opportunity to provide an appropriate response.

### VIII.    LEAVE TO FILED A THIRD AMENDED COMPLAINT

Plaintiffs believe that the SAC is legally sufficient and should not be dismissed. However, if the Court disagrees, then Plaintiffs respectfully request leave to file a Third Amended Complaint.  It is the usual practice upon granting a motion to dismiss to allow leave to replead.  *Heckman v. Town of Hempstead*, 568 F App'x 41, 43 (2d Cir. 2014)) *citing Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F2d 42, 48 (2d Cir 1991); *Sullivan v Doctor's Assoc. LLC,*

No. 1:19-CV-719 (GHW), 2020 US Dist LEXIS 82435, at *20 (S.D.N.Y. May 8, 2020) (allowing Plaintiffs to amend the complaint three (3) times). Although leave to replead is within the discretion of the district court, refusal to grant it without any justifying reason is an abuse of discretion. *See Ronzani v Sanofi S.A.*, 899 F2d 195, 198 (2d Cir. 1990). Plaintiffs are able to provide more facts, details, and allegations, many of which are known to Defendants.

## **CONCLUSION**

For these reasons, this Court should deny Defendants Motion to Dismiss in the entirety.

Dated: Bronx, NY
     October 23, 2020

Respectfully submitted,

_____/s/_____
Delmas A. Costin, Jr., Esq.
Dawn Levy-Weinstein, Esq.
*Attorney for Plaintiffs*
930 Grand Concourse, Suite 1F
Bronx, NY 10451
Tel: (718) 618-0589
Fax: (347) 510-0099
dacostin@dacostinlaw.com

23